COPY

1   BRANDIE N. CHARLES, Bar No. 188892
    E-mail: bcharles@littler.com
2   MEGHANN BARLOEWEN, Bar No. 221904
    E-mail: mbarloewen@littler.com
3   LITTLER MENDELSON
    2049 Century Park East
4   5th Floor
    Los Angeles, CA  90067.3107
5   Telephone:  310.553.0308
    Facsimile:   310.553.5583
6
    Attorneys for Defendant
7   NEW ALBERTSON'S INC. (also erroneously sued
    as "ALBERTSON'S DISTRIBUTION CENTER")
8

FILED
2011 JUL -6  PM 2:21
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA
BY

9                   UNITED STATES DISTRICT COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 11   MOHAMMAD PRINCE, | Case No.   **SACV 11-00994 DOC (ANx)** |
| 12              Plaintiff, | ASSIGNED FOR ALL PURPOSES TO JUDGE |
| 13   v. | |
| 14   ALBERTSON'S DISTRIBUTION CENTER, a corporation; and DOES 1 to 100, Inclusive, | **NEW ALBERTSON'S INC.'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT** |
| 15 | |
| 16              Defendant. | **[28 U.S.C. §§ 1332, 1441, 1446]** |
| 17 | |

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

TO THE CLERK OF THE FEDERAL DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLEASE TAKE NOTICE that Defendant New Albertson's, Inc. (also erroneously sued as "Albertson's Distribution Center") (hereinafter "Defendant"), contemporaneously with the filing of this Notice, hereby effects removal of the below referenced action from the Superior Court in the State of California for the County of Orange to the United States District Court for the Central District of California, pursuant to 28 U.S.C. sections 1441 and 1446. This notice is based upon the original jurisdiction of the United States District Court over the parties under 28 U.S.C. § 1332 based on complete diversity of citizenship and, specifically, on the following grounds:

## I.   STATEMENT OF JURISDICTION

1.   This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332. This case may be removed pursuant to 28 U.S.C. §§ 1441 and 1446 because it is a civil action between citizens of different states, and the amount in controversy exceeds the sum of $75,000. As set forth below, this case meets all of the requirements for removal under 28 U.S.C. § 1332, and is timely and properly removed by the filing of this Notice.

## II.   VENUE

2.   The action was filed in Orange County Superior Court. Therefore, venue is proper in this Court pursuant to 28 U.S.C. sections 84(c)(2), 1391, 1441(a) and 1446.

## III.   PLEADINGS, PROCESS, AND ORDERS

3.   On April 21, 2011, Plaintiff Mohammad Prince (hereinafter "Plaintiff") filed a Complaint in the Superior Court of the State of California, County of Orange, entitled MOHAMMAD PRINCE v. ALBERTSON'S DISTRIBUTION CENTER, a corporation, and DOES 1 TO 100, inclusive, Case No.: 30-2011 00468998 (hereinafter the "Complaint"). The Complaint asserts the following three purported claims for relief: (1) Violation of California Fair Employment and Housing Act

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

1   ("FEHA"), (2) Hostile Work Environment Harassment, and (3) Failure to Prevent

2   Harassment or Discrimination.  A true and correct copy of the Complaint is attached

3   hereto as Exhibit A.

4        4.      On June 2, 2011, Plaintiff filed an amendment to the Complaint

5   substituting DOE 1 for Defendant, NEW ALBERTSON'S, INC. (hereinafter the

6   "Amendment").  A true and correct copy of the Amendment is attached hereto as

7   Exhibit B.

8        5.      On June 6, 2011, Plaintiff served the Complaint and Amendment on

9   Defendant via service to its agent for service of process in California, CT Corporation.

10  At the same time, Defendant received the Summons, Plaintiff's Statement of

11  Damages, Civil Department Scheduling Chart, and Alternative Dispute Resolution

12  Information Package, true and correct copies of which are attached hereto as Exhibits

13  C-F, respectively.

14       6.      Defendant received no initial pleadings filed with the Court, through

15  service or otherwise, prior to the date on which it received the Summons and

16  Complaint.

17       7.      On July 5, 2011, Defendant filed its Answer to the Complaint in Orange

18  County Superior Court.  A true and correct copy of Defendant's Answer is attached

19  hereto as Exhibit G.

20       8.      This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b),

21  because Defendant has filed this Notice within 30 days after initial receipt of the

22  pleadings from which it could first determine that this action was removable and less

23  than one year after commencement of this action.

24       9.      The Complaint also names as defendants "DOES 2 through 100."

25  Defendant is informed and believes and on that basis alleges that none of the

26  fictitiously-named defendants have been served with a Summons and a copy of the

27  Complaint.  Therefore, the fictitiously-named defendants are not parties to the above-

28  captioned action and need not join or consent to Defendant's notice of removal.

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

2.

1  *Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1426, 1429 (9th Cir. 1984)

2  (named defendants not yet served in state court action need not join the notice of

3  removal); 28 U.S.C. § 1441(a).

4       10.    The Complaint also names "Albertson's Distribution Center" as a

5  defendant.  The Complaint describes "Albertson's Distribution Center" as "a

6  corporation authorized to do and doing business in the City of Brea, County of

7  Orange, State of California."  However, the distribution center where Plaintiff works

8  and which is the subject of the Complaint is not an incorporated entity as alleged.

9  Rather, it is owned and operated by New Albertson's, Inc.  Declaration of Stuart

10  McFarland, ¶ 2 filed in Support of Defendant's Removal (hereinafter "McFarland

11  Decl.").

12       11.    All pleadings, process or orders received by Defendant in the case are

13  attached hereto.  Defendant has received no other pleadings, process or orders.

14  **IV.   COMPLETE DIVERSITY OF CITIZENSHIP BY AND AMONG ALL**

15  **       OF THE NAMED AND SERVED PARTIES EXISTS IN THIS ACTION**

16       12.    This Court has original jurisdiction over this action because complete

17  diversity of citizenship between citizens of different states, and the amount in

18  controversy exceeds the sum of $75,000.

19       13.    For diversity purposes, a person is a "citizen" of the state in which he or

20  she is domiciled. See *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir.

21  1983); see also *LeBlanc v. Cleveland*, 248 F.3d 95, 100 (2d Cir. 2001) (citizenship

22  determined at the time the lawsuit is filed); see also *Lundquist v. Precision Valley*

23  *Aviation, Inc.*, 946 F.2d 8, 10 (1st Cir. 1991).  A person's domicile is the place he or

24  she resides with the intention to remain, or to which he or she intends to return.  See

25  *Kanter v. Warner–Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

26       14.    For diversity purposes, a corporation "shall be deemed a citizen of any

27  State by which it has been incorporated, and of the State where it has its principal

28  place of business." 28 U.S.C. § 1332(c)(1).  As clarified by the United States

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

3.

Supreme Court in *Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010), "the phrase 'principal place of business' in § 1332(c)(1) refers to the place where a corporation's high level officers direct, control, and coordinate the corporation's activities," i.e., its "nerve center." *Id.* at 1186.

15.     Defendant is informed and believes that Plaintiff is a citizen of the State of California.  Plaintiff did not allege his citizenship in the Complaint.  However, Plaintiff is a current employee of Defendant's in California, and has provided Defendant an address in Fullerton, California as his place of residence.  McFarland Decl., ¶ 3.  He listed this same address in Fullerton as his residence when he filed his Complaint of Discrimination with the California Department of Fair Employment of Housing (hereinafter "DFEH Complaint.")  The DFEH Complaint is referenced in his Complaint and appears to have been filed on or around April 20, 2011.  Exhibit 1 to McFarland Decl., McFarland Decl, ¶ 4, Complaint, ¶ 14.  Moreover, a public records search regarding Plaintiff revealed an address in Fullerton, California since 2008.  Declaration of Brandie N. Charles, "Charles Decl.," filed in Support of Defendant's Removal ¶¶ 2-4, Exhibit 1 to Charles Decl.

16.     As provided in 28 U.S.C. § 1332(c), Defendant is presently and was at the time of the commencement of this suit, a citizen of the State of Ohio because it was and is a corporation duly organized and validly existing under and pursuant to the laws of the state of Ohio.

17.     Historically, most of Defendant's corporate functions were performed in Idaho, and some significant corporate and executive functions are still based in Idaho. For example, the Treasurer of Defendant works and maintains an office in Idaho, and the company's tax and payroll departments are based in Idaho.  Likewise, many of the company's records are maintained in Idaho, and Defendant maintains a headquarters location in Idaho.  However, in recent years, many of Defendant's corporate functions that were previously performed in Idaho have shifted to Minnesota.  Defendant has its main headquarters location in Minnesota.  Defendant's President and Secretary works

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

4.

1    and maintains his office in Minnesota.  The current member of Defendant's Board of

2    Directors works in Minnesota, and the two most recent members of the Board of

3    Directors worked in Minnesota while they served on the Board of Directors.

4    Furthermore, Defendant's executives based in Minnesota oversee the company's real

5    estate, risk management, human resources, customer relations, business development,

6    public relations, and labor relations functions.  Based thereon, and as provided in 28

7    U.S.C. § 1332(c), Defendant's current principal place of business is Minnesota

8    because its is where its high level officers direct, control, and coordinate Defendant's

9    activities and where the executive, operational and administrative offices are located.

10   McFarland Decl., ¶¶ 6-7; See *Hertz Corp.*, 130 S. Ct. 1181, 1186.

11        18.    Defendants Does 2 through 100 are fictitious.  As stated above, the

12   Complaint does not set forth the identity or status of any said fictitious defendants, nor

13   does it set forth any charging allegation against any fictitious defendants.  Pursuant to

14   28 U.S.C. § 1441(a), the citizenship of defendants sued under fictitious names must be

15   disregarded for the purposes of determining diversity jurisdiction and cannot destroy

16   the diversity of citizenship between the parties in this action.  *Newcombe v. Adolf*

17   *Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998) (inclusion of Doe defendants in a

18   state court complaint has no effect on removal).

19        19.    The Complaint also names "Albertson's Distribution Center" as a

20   defendant.  The Complaint describes "Albertson's Distribution Center" as "a

21   corporation authorized to do and doing business in the City of Brea, County of

22   Orange, State of California."  However, as explained above, the distribution center

23   where Plaintiff works and which is the subject of the Complaint is not an incorporated

24   entity as alleged.  Rather, it is only a distribution center operated by New Albertson's,

25   Inc.  McFarland Decl. ¶ 2.  Therefore, the citizenship of this non-existent entity should

26   not be considered in determining whether diversity jurisdiction exists.

27        20.    As set forth above, Plaintiff is a citizen of California and Defendant is

28   incorporated and has its principal place of business outside California.  Accordingly,

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310.553.0308

5.

1    the minimal diversity requirement of 28 U.S.C. § 1332(d)(2)(A) is satisfied, as the

2    named Plaintiff is a citizen of a state different from the states of citizenship of

3    Defendants.

4    **V.    THE AMOUNT IN CONTROVERSY EXCEEDS THE $75,000**

5    **JURISDICTIONAL MINIMUM**

6        21.    In his Complaint (Exhibit A), Plaintiff asserts claims for: (1) general

7    damages in an amount according to proof, (2) medical and incidental expenses

8    according to proof, (3) loss of wages, earnings, dividends, income and profits

9    according to proof, (4) prejudgment interest according to proof, (5) attorney's fees and

10   costs according to proof, (6) punitive and exemplary damages according to proof, (7)

11   costs of the suit herein, and (8) for other such relief as the Court may deem just and

12   proper.  Complaint (Exhibit A to this Notice), ¶¶ 1-8.

13       22.    In his Statement of Damages (Exhibit D to this Notice), Plaintiff asserts

14   general damages for pain, suffering, and inconvenience, and for emotional distress.

15   According to Plaintiff, such damages equal $475,000.00.  Plaintiff asserts special

16   damages in the form of medical expenses, future medical expenses, loss of earnings,

17   loss of future earning capacity, and attorney's fees totaling $245,000.00 to date.

18   Plaintiff also asserts punitive damages of $750,000.00.  In total, to date, Plaintiff

19   asserts an amount in controversy of $1,470,000.00, not considering any potential for

20   interest.

21       23.    All of these claims for damages, exclusive of interest and costs, are

22   aggregated to ascertain whether Plaintiff's allegations satisfy the minimum amount in

23   controversy.  *Bank of Cal. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489,

24   491 (9th Cir. 1972).  Defendant need only establish by a preponderance of evidence

25   that Plaintiff's claims exceed the jurisdictional minimum.  *Singer v. State Farm Mut.*

26   *Auto Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997); *Sanchez v. Monumental Life Ins.*

27   *Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

28       24.    Based on the foregoing, Plaintiff's individual claims for damages,

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

6.

1    penalties, and other monetary relief exceed the $75,000 jurisdictional limit of this

2    Court required by the diversity statute, 28 U.S.C. § 1332(a).  Consequently, this is a

3    civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a)

4    and one that is properly removed to this Court pursuant to 28 U.S.C. §§ 1441 and

5    1446.

6    **VI.    NOTICE TO PLAINTIFF**

7        25.    Contemporaneously with the filing of this Notice of Removal in the

8    United States District Court for the Central District of California, written notice of

9    such filing will be given by the undersigned to Plaintiff's counsel of record, Michael

10   A. Lotta of Law Offices of Michael A. Lotta, 4244 E. 4th Street, Long Beach,

11   California 90814.  In addition, and a copy of Notice of Removal will be filed with the

12   Clerk of the Court for the Superior Court of California, County of Orange.

13        WHEREFORE, having provided notice as is required by law, the above-

14   entitled action should be removed from the Superior Court for the County of Orange

15   to this Court.

16

17   Dated:   July  6  , 2011

18

19

20   BRANDIE N. CHARLES
     MEGHANN BARLOEWEN
21   LITTLER MENDELSON
     A Professional Corporation
22   Attorneys for Defendant
     ALBERTSON'S DISTRIBUTION
23   CENTER

24

25   Firmwide:102621179.1 068364.1002

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067 3107
310.553.0308

# EXHIBIT A

(SPACE BELOW FOR FILING STAMP ONLY)

1

Michael A. Lotta, C.S.B. NO.: 94301

2  **LAW OFFICES OF MICHAEL A. LOTTA, INC.**

3      4244 E. 4TH STREET
       LONG BEACH, CA  90814

4      TELEPHONE • (562) 438-9137

       FAX • (562) 438-9138

5

6  ATTORNEYS FOR Plaintiff

7

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

**APR 2 1 2011**

ALAN CARLSON, Clerk of the Court

BY: S. HERRERA-WILSON ,DEPUTY

8          IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              IN AND FOR THE COUNTY OF ORANGE

10                                          **30-2011**

11  MOHAMMAD PRINCE,                )   Case No: •  **0 0 4 6 8 9 9 8**

12          Plaintiff,              )

13     v.                           )   **COMPLAINT FOR DAMAGES**
                                    )   Violation of FEHA
14  ALBERTSON'S DISTRIBUTION        )
    CENTER, a corporation; and DOES 1 TO )
15  100, Inclusive,                 )   TRIAL DATE:      None Assigned
                                    )
16          Defendants.             )   **JUDGE GLENDA SANDERS**

17

18      Plaintiff Mohammad Prince alleges:

19          **COUNT ONE: VIOLATION OF FEHA**
                **AGAINST ALL DEFENDANTS**
20

21      1.      That the true names and capacities, whether individual, corporate, associate or

22  otherwise of defendants, DOES 1 through 100, inclusive, are unknown to plaintiff at this time, who,

23  therefore, sues said defendants by such fictitious names, and when their true names and capacities

24  are ascertained, plaintiff will seek leave of court to amend this Complaint accordingly.  Plaintiff is

25  informed and believes, and upon such information and belief alleges that each of the defendants

26  designated herein as a DOE, negligently or otherwise, is responsible for the events and happenings

27  herein referred to; and negligently or otherwise, actually and proximately caused injuries and

28  damages to plaintiff as hereinafter alleged.

1

**COMPLAINT FOR DAMAGES**

2.      Plaintiff is informed and believes and upon such information and belief alleges that at all times herein mentioned, each of the defendants was the agent, servant and employee of his or her co-defendants, and was at all times herein mentioned acting within the course and scope of such agency and employment; and that the defendants, and each of them, acted in concert and conspiracy with their co-defendants, and each of them, in denying the plaintiff's rights, discriminating against the plaintiff and  harassing the plaintiff as described below.

3.      At all times herein mentioned, defendants Albertson's Distribution was and now is a corporation authorized to do and doing business in the City of Brea, County Of Orange, State of California. The plaintiff is informed and believes and thereon alleges the defendants Tony Vasquez, Jason Syke, Glbert (last name unknown) and other supervisors were and now are supervisors, employees and persons with authority of the defendant entity. The defendant entity was the employer of the plaintiff at all times relevant hereto.

4.      Through 2010, the defendant Albertson's Distribution Center, and DOES 1 to 100, and each of them, in concert and conspiracy with their co-defendants, and each of them, through their agents, servants and employees, engaged in various actions and conduct with the intent of discriminating against and harassing the plaintiff on account of his race, religion and national origin. The actions and conduct include, but are not limited to, called an terrorist or bomber, being denied leave and threatened with termination as a result of requesting the same when others were not, being subject to sudden work changes and/or work times, and being subject to comments by announcing when the plaintiff was present that the plaintiff would not be at work next week. The comments and conduct directed at the plaintiff had to do with the mis- perception that the plaintiff was middle Eastern and/or Muslim; and were so severe and pervasive that it altered the conditions of employment and created such a hostile or abusive work environment that the plaintiff called the employer's hot line and when that did not resolve the matter, transferred to a different work area (frozen items to grocery). The defendants, and their agents, servants and employees, and each of them, engaged in these actions to intimidate the plaintiff and create a hostile work environment. The defendants, and each of them, through this course of conduct and by reason of the supervisory capacity of the persons

LAW OFFICES OF MICHAEL A. LOTTA, INC.
4244 E. 4th Street
Long Beach, CA 90814
(562) 438-9137

2

LAW OFFICES OF MICHAEL A. LOTTA, INC.
4244 E. 4th Street
Long Beach, CA 90814
(562) 438-9137

1   engaging in the same knew or should have known of these discriminatory and harassing actions.

2   5.   At all times relevant hereto, the defendants, and each of them, in concert and
3   conspiracy with their co-defendants, and each of them, failed to take any action, let alone any
4   immediate and appropriate action, to stop the race, national origin and religious discrimination and
5   harassment. In fact, the defendants, and each of them, in concert and conspiracy with their co-
6   defendants, and each of them, engaged in the acts and conduct. Furthermore and prior to the
7   discrimination and harassment, the defendants, and each of them, in concert and conspiracy with their
8   co-defendants, and each of them, failed to implement any policies, procedures or manuals that had
9   been or should have been adopted with respect to discrimination or harassment based on race,
10  national origin and religion so as to prevent and deter such discrimination and harassment from
11  occurring.

12  6.   The plaintiff was subject to the following adverse employment actions by reason of
13  his race, religion and national origin: denied leave; subjected to sudden and multiple changes in work
14  schedule; forced to transfer away form the hostile work environment and being subjected to
15  attempted termination.

16  7.   The plaintiff's race, religion and national origin was a motivating reason for the
17  adverse actions described in paragraph 6 above.

18  8.   As a direct and legal result thereof, the defendants, and each of them, violated
19  California FEHA and the plaintiff suffered severe and permanent injuries and damages as hereinafter
20  set forth.

21  9.   That as a direct and legal result of the conduct of defendants, and each of them,
22  plaintiff's health, strength and activity have been injured, and plaintiff sustained severe and
23  permanent pain and suffering and a severe shock and injury to the nervous system and various
24  injuries to the person; that plaintiff is informed and believes, and thereon alleges, that some of said
25  injuries and effects thereof are permanent in nature, all to plaintiff's general damage in a sum within
26  the jurisdiction of this Superior Court.

27  10.   That as a direct and legal result of the acts and conduct of defendants, and each of

28

3

COMPLAINT FOR DAMAGES

1    them, and of said injuries, plaintiff has been compelled to, did incur and will in the future incur

2    obligations and expenditures for health services of all kinds, including, but not limited to the care,

3    attention and services of physicians, surgeons, nurses, therapists and attendants, and for incidental

4    services, prescriptions, health devices and hospital services.  The exact amount of such obligations

5    and expenditures so incurred and to be incurred is not known to plaintiff at this time, and plaintiff

6    will ask leave of court, orally or in writing, to amend this Complaint to insert such amount when the

7    same is ascertained.

8         11.    That as a direct and legal result of the conduct of defendants, and each of them, and

9    of said injuries, plaintiff has been unable to work at plaintiff's usual occupation, business or

10   profession, or at any other occupation, business or profession for a period of time since the

11   occurrence; that plaintiff is informed and believes, and thereon alleges, that plaintiff will be prevented

12   from working at plaintiff's usual occupation, business or profession, or any occupation, business or

13   profession for an indefinite time in the future; that as a direct and proximate result of the conduct of

14   defendants, and each of them, and of said injuries, plaintiff has further been damaged by the loss of

15   wages, income, dividends and profits in an amount presently unascertained, and will ask leave of

16   court to amend this Complaint to insert said amount when the same has been ascertained.

17        12.    As a further direct and legal result of the conduct of defendants, and each of them,

18   the plaintiff has been required to expend and incur and did expend and incur, liability for attorney's

19   fees, costs and other related expenses under the FEHA in an amount presently unascertained and the

20   plaintiff will seek leave of court, orally or in writing, to insert such amount when the same is

21   ascertained.

22        13.    The individual defendants, and each of them, in conducting themselves as

23   hereinabove described, acted maliciously, oppressively, in conscious disregard of plaintiff's rights

24   and with the intent to injure plaintiff and deprive plaintiff of plaintiff's rights; and plaintiff is

25   informed and believes and thereon alleges that defendants Albertson's Distribution Center and Does

26   1 to 100, and each of them, authorized, ratified and directed the acts of its agents, servants and

27   employees, including, but not limited to Tony Vasquez, Jason Syke and Gilbert (last name unknown),

28

LAW OFFICES OF MICHAEL A. LOTTA, INC.
4244 E. 4th Street
Long Beach, CA 90814
(562) 438-9137

4

**COMPLAINT FOR DAMAGES**

who conducted themselves as hereinabove described and who participated in the discrimination and harassment; and said defendants, and each of them, knew of the unfitness of their said agents, servants and employees prior to their employment, assignment and the conduct described above; all of which entitle plaintiff to an award of punitive and exemplary damages against the defendants, and each of them, in a sum within the jurisdiction of this Superior Court.

14.    On or about April 21, 2010 and after the plaintiff filed a complaint with the Department of Fair Employment And Housing, the plaintiff was sent a right to sue letter.

## COUNT TWO: HOSTILE WORK ENVIRONMENT HARASSMENT AGAINST ALL DEFENDANTS

15.    Plaintiff realleges Paragraphs 1 through 14 of Count One, hereinabove; and incorporates them herein by reference as though set forth in full.

16.    As a result of the acts and conduct alleged in Count One, the plaintiff was subjected to unwanted harassing conduct and comments because he was believed to be Muslim and/or middle Eastern.

17.    The harassing conduct and comments were so severe and pervasive that it altered the conditions of employment and created such a hostile or abusive work environment that the plaintiff called the employer's hot line and the plaintiff had to transfer to a different work area (frozen items to grocery).

18.    A reasonable person in plaintiff's circumstances would have considered the work environment to be hostile or abusive.

19.    As a direct and legal result of the termination of employment and the conduct of the defendants, and each of them, the plaintiff suffered the injuries and damages set forth in Paragraphs 8 to 12 of Count One hereinabove.

20.    The individual defendants, and each of them, in conducting themselves as hereinabove described, acted maliciously, oppressively, in conscious disregard of plaintiff's rights and with the intent to injure plaintiff and deprive plaintiff of plaintiff's rights; and plaintiff is

LAW OFFICES OF MICHAEL A. LOTTA, INC.
4244 E. 4th Street
Long Beach, CA 90814
(562) 438-9137

5

**COMPLAINT FOR DAMAGES**

1   informed and believes and thereon alleges that defendants Albertson's Distribution Center and Does

2   1 to 100, and each of them, authorized, ratified and directed the acts of its agents, servants and

3   employees, including, but not limited to Tony Vasquez, Jason Syke and Gilbert (last name unknown),

4   who conducted themselves as hereinabove described and who participated in the discrimination and

5   harassment; and said defendants, and each of them, knew of the unfitness of their said agents,

6   servants and employees prior to their employment, assignment and the conduct described above; all

7   of which entitle plaintiff to an award of punitive and exemplary damages against the defendants, and

8   each of them, in a sum within the jurisdiction of this Superior Court.

9

10   **COUNT THREE: FAILURE TO PREVENT HARASSMENT OR DISCRIMINATION**
**AGAINST ALL DEFENDANTS**

11

12   21.   Plaintiff realleges Paragraphs 1 through 20 of Counts One and Two, hereinabove; and

13   incorporates them herein by reference as though set forth in full.

14   22.   As described in Counts One and Two above, the plaintiff was subjected to harassing

15   conduct and discrimination because he was perceived to be Muslim and/or middle Eastern.

16   23.   The defendants Albertson's Distribution Center and Does 1 to 100, and each of them,

17   failed to take reasonable steps to prevent the harassment and/or discrimination.

18   24.   As a direct and legal result of the termination of employment and the conduct of the

19   defendants, and each of them, the plaintiff suffered the injuries and damages set forth in Paragraphs

20   8 to 12 of Count One hereinabove.

21   25.   The individual defendants, and each of them, in conducting themselves as

22   hereinabove described, acted maliciously, oppressively, in conscious disregard of plaintiff's rights

23   and with the intent to injure plaintiff and deprive plaintiff of plaintiff's rights; and plaintiff is

24   informed and believes and thereon alleges that defendants Albertson's Distribution Center and Does

25   1 to 100, and each of them, authorized, ratified and directed the acts of its agents, servants and

26   employees, including, but not limited to Tony Vasquez, Jason Syke and Gilbert (last name unknown),

27   who conducted themselves as hereinabove described and who participated in the discrimination and

28

LAW OFFICES OF MICHAEL A. LOTTA, INC.
4244 E. 4th Street
Long Beach, CA 90814
(562) 438-9137

6

COMPLAINT FOR DAMAGES

harassment; and said defendants, and each of them, knew of the unfitness of their said agents, servants and employees prior to their employment, assignment and the conduct described above; all of which entitle plaintiff to an award of punitive and exemplary damages against the defendants, and each of them, in a sum within the jurisdiction of this Superior Court.

WHEREFORE, the plaintiff prays for judgment against the defendants, and each of them, as follows:

1.   General damages in a sum within the jurisdiction of this Superior Court;

2.   Medical and incidental expenses according to proof;

3.   Loss of wages, earnings, dividends, income and profits according to proof;

4.   Prejudgment interest according to proof;

5.   Attorney's fees and costs according to proof;

6.   Punitive and exemplary damages according to proof;

7.   Costs of suit incurred herein; and

8.   For such other and further relief as the Court may deem just and proper.

DATED: April 21, 2011

MICHAEL A. LOTTA
Attorney for Plaintiff

LAW OFFICES OF MICHAEL A. LOTTA, INC.
4244 E. 4th Street
Long Beach, CA 90814
(562) 438-9137

7

# EXHIBIT B

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, address)*:
Michael A. Lotta, Esq.
Law Offices of Michael A. Lotta, Inc.
4244 E. 4th Street
Long beach, CA 90814
CSB No.: 94301
Telephone No.: (562) 438-9137   Fax No. (Optional): (562) 438-9138
E-Mail Address (Optional):
ATTORNEY FOR *(Name)*: Plaintiff   Bar No: 94301

FOR COURT USE ONLY

# FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

JUN 02 2011

ALAN CARLSON, Clerk of the Court

BY: _____ S. RIVAS _____ , DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
JUSTICE CENTER:
[X] Central - 700 Civic Center Dr. West, Santa Ana, CA 92701
[ ] Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701
[ ] Harbor-Laguna Hills Facility - 23141 Moulton Pkwy., Laguna Hills, CA 92653-1251
[ ] Harbor-Newport Beach Facility - 4601 Jamboree Rd., Newport Beach, CA 92660-2595
[ ] North - 1275 N. Berkeley Ave., P. O. Box 5000, Fullerton, CA 92838-0500
[ ] West - 8141 13th Street, Westminster, CA 92683-4593

PLAINTIFF: Mohammad Prince

DEFENDANT: Albertson's Distribution Center, etc., et al

CASE NUMBER:

30-2011 00468998

AMENDMENT TO [X] COMPLAINT [ ] CROSS-COMPLAINT

Case assigned to:
Judge: Glenda A. Sanders
Department: 17
Date complaint filed: 4/21/2011
Hearing/trial date:

FICTITIOUS NAME UNDER SECTION 474, CODE OF CIVIL PROCEDURE (NO ORDER REQUIRED)

I have discovered the true name of [X] Doe [ ] Roe 1 to be New Albertson's, Inc.

The complaint/cross-complaint is amended to reflect the true name wherever it appears in the pleading.

Date: May 30, 2011

Michael A. Lotta
(TYPE OR PRINT NAME)

(SIGNATURE OF PARTY OR ATTORNEY)

INCORRECT NAME UNDER SECTION 473, CODE OF CIVIL PROCEDURE (ORDER REQUIRED)

The complaint/cross-complaint incorrectly named the defendant/cross-defendant as _____

I have discovered the true name of the party to be _____

I request the complaint/cross-complaint be amended to reflect the true name wherever it appears in the pleading.

Date: _____

(TYPE OR PRINT NAME)

(SIGNATURE OF PARTY OR ATTORNEY)

ORDER
The complaint/cross-complaint is amended to reflect the true name wherever it appears in the pleading.

Date: _____

JUDICIAL OFFICER

Approved for Optional Use
L-0132 (Rev. July 1, 2008)

**AMENDMENT TO COMPLAINT/CROSS-COMPLAINT**

Code of Civil Procedure,
§§ 473, 474
OC-132

# EXHIBIT C

**SUMMONS**
*(CITACION JUDICIAL)*

SUM-100

**NOTICE TO DEFENDANT:** Albertson's Distribution Center,
*(AVISO AL DEMANDADO):* a corporation; and Does 1 to 100,
Inclusive

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

APR 21 2011

ALAN CARLSON, Clerk of the Court

BY: S. HERRERA-WILSON ,DEPUTY

**YOU ARE BEING SUED BY PLAINTIFF:** Mohammad Prince
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California<br>County Of Orange<br>700 Civic Center Drive West<br>Santa Ana, CA 92702 | CASE NUMBER:<br>*(Número del Caso:)*<br>**00468998**<br>**JUDGE GLENDA SANDERS** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael A. Lotta, Esq.    CSB No.: 94301    (562) 438-9137  (562) 438-9138
Law Offices of Michael A. Lotta, Inc.
4244 E. 4th Street
Long Beach, CA 90814

DATE:                                          Clerk, by _____ , Deputy
*(Fecha)* APR 21 2011         *(Secretario)* ALAN CARLSON SONYA HERRERA-WILSON      *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [X] on behalf of *(specify):* AS DOE ALBERTSONS ANC NEW ALBERTSONS ANC

   under: [X] CCP 416.10 (corporation)       [ ] CCP 416.60 (minor)
          [X] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):* 6/6/11

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Page 1 of 1<br>Code of Civil Procedure §§ 412.20, 465 |

Legal Solutions CA Plus

# EXHIBIT D

**- DO NOT FILE WITH THE COURT -**
**- UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -**

CIV-050

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address):* | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|
| Michael A. Lotta, Esq.<br>Law Offices of Michael A. Lotta, Inc.<br>4244 E. 4th Street<br>Long Beach, CA 90814<br>CSB No.: 94301 | (562) 438-9137 | |

ATTORNEY FOR *(name):*  Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Orange
STREET ADDRESS:  700 Civic Center Drive West
MAILING ADDRESS:
CITY AND ZIP CODE:  Santa Ana, CA 92702
BRANCH NAME:  Central Justice Center

PLAINTIFF: Mohammad Prince
DEFENDANT: Albertson's Distribution Center, etc.,

**STATEMENT OF DAMAGES**
(Personal Injury or Wrongful Death)

CASE NUMBER:
30-2011 00468998

To *(name of one defendant only):*   Albertson's Distribution Center
Plaintiff *(name of one plaintiff only):*  Mohammad Prince
seeks damages in the above-entitled action, as follows:

AMOUNT

1. **General damages**
   a. [X] Pain, suffering, and inconvenience . . . . . . . . . . . . . . . . . . . . . . . . $ 250,000.00
   b. [X] Emotional distress . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 225,000.00
   c. [ ] Loss of consortium . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____
   d. [ ] Loss of society and companionship *(wrongful death actions only)* . . . . . . . . . . $ _____
   e. [ ] Other *(specify)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____
   f. [ ] Other *(specify)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____
   g. [ ] Continued on Attachment 1.g.

2. **Special damages**
   a. [X] Medical expenses *(to date)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $   5,000.00
   b. [X] Future medical expenses *(present value)* . . . . . . . . . . . . . . . . . . . . . . $  25,000.00
   c. [X] Loss of earnings *(to date)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $  50,000.00
   d. [X] Loss of future earning capacity *(present value)* . . . . . . . . . . . . . . . . . . $ 150,000.00
   e. [ ] Property damage . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____
   f. [ ] Funeral expenses *(wrongful death actions only)* . . . . . . . . . . . . . . . . . . . $ _____
   g. [ ] Future contributions *(present value)* *(wrongful death actions only)* . . . . . . . . $ _____
   h. [ ] Value of personal service, advice, or training *(wrongful death actions only)* . . . . $ _____
   i. [X] Other *(specify)* Interest to date . . . . . . . . . . . . . . . . . . . . . . . . . . $     850.00
   j. [X] Other *(specify)* Attorney's fees to date . . . . . . . . . . . . . . . . . . . . . . . $  15,000.00
   k. [ ] Continued on Attachment 2.k.

3. [X] **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of *(specify).* $ 750,000.00
   when pursuing a judgment in the suit filed against you.

Date:  May 11, 2011

Michael A. Lotta, Esq.
(TYPE OR PRINT NAME)

▶ *(signature)*

(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)

Form Adopted for Mandatory Use
Judicial Council of California
CIV-050 [Rev. January 1, 2007]

**STATEMENT OF DAMAGES**
(Personal Injury or Wrongful Death)

Legal
Solutions
Plus

Code of Civil Procedure, §§ 425.11, 425.115

# EXHIBIT E

# SUPERIOR COURT OF CALIFORNIA
## ORANGE COUNTY – CENTRAL JUSTICE CENTER
## CIVIL DEPARTMENT CALENDAR SCHEDULING CHART
Ex Parte applications must comply with California Rules of Court, rules 3.1200 – 3.1207
Court Local Rules are located at www.occourts.org

| Dept. | Judicial Officer | Motion Days and Time | Ex Parte Days and Time | Telephonic Notice to Courtroom the day before the hearing but no later than: | Ex Parte Application and Proposed Order presented to the court the day before the hearing but no later than: | Rulings posted on Internet? | Other Call for available dates. |
|---|---|---|---|---|---|---|---|
| C32 | PERK 657-622-5232 | Friday 11:00 a.m. | M, T, W, TH 8:30 a.m. | Noon. | 10:00 a.m. the day of hearing | Yes 3:00 p.m. the day before | Teleconference appearances are voluntary and do not require consent by court or other parties. However, the court reserves to right to reject any request. Teleconference appearances are conducted in conformity with the guidelines, which are available by calling CourtCall, LLC at (310)914-7884 or (888) 88-COURT. If there is no appearance for argument, the court will order the tentative ruling to become effective and final the date of the hearing |
| C6 | RODRIGUEZ 657-622-5206 | Thursday 1:30 p.m. No Reservation Required. | Mon & Fri 9:00 a.m. Tues & Wed 8:30 a.m. Thurs 1:30 p.m. | Reservation must be made with courtroom day before the hearing by 10:00 a.m. | 2:00 p.m. | Yes | Counsel may submit on law and motion tentative without appearance if all parties agree to ruling. Teleconference appearances are voluntary and do not require consent by the court or other parties. However, the court reserves the right to reject any request. Teleconference appearances are conducted in conformity with the guidelines, which are available by calling CourtCall , LLC at (310)914-7884 or (888)88-COURT. If there is no appearance for argument, the court will order the tentative ruling to become effective and final the date of the hearing. |
| C17 | SANDERS 657-622-5217 | Friday 1:30 p.m. Reservations required | M, T, W, TH 9:00 a.m. Moving Party must check in at 8:30 am | Noon | 3:00 p.m. | Yes By 12:00 p.m. Friday | Call (657) 622-5217 to reserve motion date. Moving party must submit on moving papers unless court invites oral argument. If one or all parties submit on the tentative, they each must notify the clerk. The tentative will become the final ruling if all parties submit, unless otherwise directed. |
| C10 | SCHUMANN 657-622-5210 | Tuesday 3:00 p.m. Reservation Required | M, W, TH 1:45 p.m. | Not Required | Papers to be presented in C10 by 11:00 a.m. the day prior to the ex parte | Yes | |

# EXHIBIT F

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE

# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKAGE

## NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):

**Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.**

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any court staff responsible for providing parties with assistance regarding ADR.

(3) Information about the availability of local dispute resolution programs funded under the Dispute Resolutions Program Act (DRPA), in counties that are participating in the DRPA. This information may take the form of a list of the applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its Web site as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE

### ADR Information

**Introduction.**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

**BENEFITS OF ADR.**

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

**Save Time.**  A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

**Save Money.**  When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

**Increase Control Over the Process and the Outcome.**  In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

**Preserve Relationships.**  ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

**Increase Satisfaction.**  In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

**Improve Attorney-Client Relationships.**  Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

**DISADVANTAGES OF ADR.**

ADR may not be suitable for every dispute.

**Loss of protections.**  If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

**Less discovery.**  There generally is less opportunity to find out about the other side's case with ADR than with litigation.  ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

**Additional costs.**  The neutral may charge a fee for his or her services.  If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

**Effect of delays if the dispute is not resolved.**  Lawsuits must be brought within specified periods of time, known as statues of limitation.  Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

## TYPES OF ADR IN CIVIL CASES.

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

**Arbitration.**  In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. *Nonbinding arbitration* means that the parties are free to request a trial if they do not accept the arbitrator's decision.

**Cases for Which Arbitration May Be Appropriate.**  Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

**Cases for Which Arbitration May Not Be Appropriate.**  If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation.**  In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

**Cases for Which Mediation May Be Appropriate.**  Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

**Cases for Which Mediation May Not Be Appropriate.**  Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation.**  In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate.** Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May <u>Not</u> Be Appropriate.** Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences.** Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

**ADDITIONAL INFORMATION.**

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the Yellow Pages under "Arbitrators" or "Mediators"

Free mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA) For information regarding DRPA, contact:
- Community Service Programs, Inc. (949) 851-3168
- Orange County Human Relations (714) 834-7198

For information on the Superior Court of California, County of Orange court ordered arbitration program, refer to Local Rule 360.

The Orange County Superior Court offers programs for Civil Mediation and Early Neutral Evaluation (ENE). For the Civil Mediation program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session. For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session. Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) pilot programs is available on the Court's website at www.occourts.org.

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address)*: | FOR COURT USE ONLY |
|---|---|

Telephone No.:  Fax No. (Optional):
E-Mail Address (Optional):
ATTORNEY FOR *(Name)*:  Bar No:

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
JUSTICE CENTER:
☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045
☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512
☐ Harbor-Laguna Hills Facility – 23141 Moulton Pkwy., Laguna Hills, CA 92653-1251
☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595
☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500
☐ West – 8141 13ᵗʰ Street, Westminster, CA 92683-0500

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION** | CASE NUMBER: |
|---|---|

Plaintiff(s)/Petitioner(s),_____

_____

and defendant(s)/respondent(s), _____

_____

agree to the following dispute resolution process:

☐  Mediation

☐  Arbitration (must specify code)
     ☐ Under section 1141.11 of the Code of Civil Procedure
     ☐ Under section 1280 of the Code of Civil Procedure

☐  Neutral Case Evaluation

The ADR process must be completed no later than 90 days after the date of this Stipulation or the date the case was referred, whichever is sooner.

☐  I have an *Order on Court Fee Waiver* (FW-003) on file, and the selected ADR Neutral(s) are eligible to provide pro bono services.

☐  The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals.  We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court rule 3.720 et seq.

Date: _____    _____   _____
                         (SIGNATURE OF PLAINTIFF OR ATTORNEY)   (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date: _____    _____   _____
                         (SIGNATURE OF DEFENDANT OR ATTORNEY)   (SIGNATURE OF DEFENDANT OR ATTORNEY)

**ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION**

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>JUSTICE CENTER:<br>☑ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045<br>☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512<br>☐ Harbor-Laguna Hills Facility – 23141 Moulton Pkwy., Laguna Hills, CA 92653-1251<br>☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595<br>☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500<br>☐ West – 8141 13th Street, Westminster, CA 92683-0500 | FOR COURT USE ONLY |
|---|---|
| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | |
| **ALTERNATIVE DISPUTE RESOLUTION (ADR)**<br>**NEUTRAL SELECTION AND PARTY LIST**<br><br>☐ Arbitration ☐ Mediation ☐ Neutral Evaluation | CASE NUMBER: |

**(ATTACH THIS FORM TO FORM L-1270, ALTERNATIVE DISPUTE RESOLUTION (ADR)**
**STIPULATION, AND FILE IT WITH THE COURT.)**

### ADR NEUTRAL SELECTION

For Arbitration, parties may select a Neutral and Alternate or may have a Neutral randomly assigned from the Court's Panel. For Mediation and Neutral Evaluation, parties must select a Neutral and an Alternate below.

☐ For Arbitration, please check this box to have an arbitrator assigned at random.

The parties select the following Neutral and Alternate from the Court ADR Panel:

Neutral: _____

Alternate: _____

The above named Neutral will be notified by a Notice of Assignment of ADR Neutral that he or she has been selected as the neutral in this proceeding. In the event the neutral does not accept the assignment, a new Notice of Assignment of ADR Neutral will be sent to the above named Alternate. The assignment of the Alternate to serve as the Neutral does not extend the time to complete the ADR process.

---

**ALTERNATIVE DISPUTE RESOLUTION (ADR)**
**NEUTRAL SELECTION AND PARTY LIST**

Adopted for Mandatory Use
L2748 (New February 2008)

www.occourts.org

| Short Title: | Case Number: |
|---|---|
|  |  |

## PARTY LIST
### (Including Affiliates)

The parties agree that the ADR Session may be conducted on one of the following dates:

1._____  2._____  3._____  4._____

Attorney and Firm Name:_____

Mailing Address:_____City_____ZIP_____

Area Code and Telephone Number:_____ Fax_____

Attorney for:_____

Attorney and Firm Name:_____

Mailing Address:_____City_____ZIP_____

Area Code and Telephone Number:_____ Fax_____

Attorney for: _____

Attorney and Firm Name:_____

Mailing Address:_____City_____ZIP_____

Area Code and Telephone Number:_____ Fax_____

Attorney for: _____

Attorney and Firm Name:_____

Mailing Address:_____City_____ZIP_____

Area Code and Telephone Number:_____ Fax_____

Attorney for: _____

This Party List must also include the full names, addresses, and phone numbers of corporate parties' parent and subsidiary corporations, and of all insurance carriers. Counsel must immediately notify the neutral upon discovery if any attorney or self-represented party is not listed on this Party List Form.

☐ Attach additional copies of this page if necessary to include additional parties, affiliated entities or insurance carriers.

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## NEUTRAL SELECTION AND PARTY LIST

Adopted for Mandatory Use
L2748 (New February 2008)

www.occourts.org

# EXHIBIT G

1    BRANDIE N. CHARLES, Bar No. 188892
     MEGHANN BARLOEWEN, Bar No. 221904
2    LITTLER MENDELSON
     A Professional Corporation
3    2049 Century Park East
     5th Floor
4    Los Angeles, CA  90067.3107
     Telephone:    310.553.0308
5    Fax No.:      310.553.5583

6    Attorneys for Defendant
     NEW ALBERTSON'S, INC. (also erroneously sued
7    as Albertson's Distribution Center)

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

JUL 05 2011

ALAN CARLSON, Clerk of the Court

BY:    F. IBARRA    DEPUTY

8                  SUPERIOR COURT OF CALIFORNIA

9                      COUNTY OF ORANGE

10   MOHAMMAD PRINCE,                    Case No.  30-2011-00468998

11              Plaintiff,

12        v.                             **ANSWER OF DEFENDANT NEW
                                         ALBERTSON'S INC. (ALSO
13   ALBERTSON'S DISTRIBUTION            ERRONEOUSLY SUED AS
     CENTER, a corporation; and DOES 1 TO   ALBERTSON'S DISTRIBUTION
14   100, Inclusive,                     CENTER) TO ~~AMENDED~~ COMPLAINT

15              Defendants.

16                                       Date Complaint Filed:  April 21, 2011
                                         Date of Amendment:    June 2, 2011
17

18

19

20

21

22

23

24

25

26

27

28

RB

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
6th Floor
Los Angeles, CA 90067.3107
310.553.0308

Firmwide:102392958.1 068364.1002

1         DEFENDANT NEW ALBERTSON'S, INC. (also erroneously sued as Albertson's

2   Distribution Center) ("Defendant"), answers the unverified Complaint ("Complaint") filed by

3   Plaintiff MOHAMMAD PRINCE ("Plaintiff") in the above-captioned case as follows:

4   <center>**GENERAL DENIAL**</center>

5         Defendant generally and specifically denies each and every allegation of the

6   Complaint, and the whole thereof, pursuant to section 431.30 of the California Code of Civil

7   Procedure.  Defendant further denies that Plaintiff has been damaged in any sum, or at all.

8   <center>**AFFIRMATIVE DEFENSES**</center>

9         Defendant further asserts the following affirmative defenses.  By asserting these

10   defenses, Defendant does not concede that it has the burden of proof as to any affirmative defense

11   asserted below.  Defendant does not presently know all the facts concerning the conduct of Plaintiff

12   sufficient to state all affirmative defenses as this time.  Defendant will seek leave of this Court to

13   amend this answer should it later discover facts demonstrating the existence of additional affirmative

14   defenses.

15   <center>**FIRST AFFIRMATIVE DEFENSE**</center>

16   <center>(Failure to State Facts)</center>

17         1.     As a separate and affirmative defense, Defendant alleges that the Complaint

18   and each cause of action therein fails to state facts sufficient to constitute a cause of action.

19   <center>**SECOND AFFIRMATIVE DEFENSE**</center>

20   <center>(Waiver)</center>

21         2.     As a separate and affirmative defense, Defendant alleges that the Complaint

22   and each cause of action alleged therein is barred by the doctrine of actual or implied waiver.

23   <center>**THIRD AFFIRMATIVE DEFENSE**</center>

24   <center>(Estoppel)</center>

25         3.     As a separate and affirmative defense, Defendant alleges that the Complaint

26   and each cause of action alleged therein is barred by the doctrine of estoppel.

27

28

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

Firmwide:102392958.1 068364.1002

1

## FOURTH AFFIRMATIVE DEFENSE

2

### (Unclean Hands)

3        4.        As a separate and affirmative defense, Defendant alleges that the Complaint

4    and each cause of action alleged therein is barred by the doctrine of unclean hands.

5

## FIFTH AFFIRMATIVE DEFENSE

6

### (Consent)

7        5.        As a separate and affirmative defense, Defendant alleges that the Complaint

8    and each cause of action alleged therein is barred by the doctrine of consent.

9

## SIXTH AFFIRMATIVE DEFENSE

10

### (Laches)

11        6.        As a separate and affirmative defense, Defendant alleges that the Complaint

12    and each cause of action alleged therein is barred by the doctrine of laches.

13

## SEVENTH AFFIRMATIVE DEFENSE

14

### (Statute of Limitations)

15        7.        As a separate and affirmative defense, Defendant alleges that the Complaint

16    and each cause of action set forth therein are barred to the extent that they were filed after the

17    expiration of the applicable statutory periods, including but not limited to the limitations periods set

18    forth in California Code of Civil Procedure sections 335.1, 338(a), 338(d), and/or California

19    Government Code sections 12960(d) and 12965(b).

20

## EIGHTH AFFIRMATIVE DEFENSE

21

### (Failure to Exhaust Administrative Remedies)

22        8.        As a separate and affirmative defense, Defendant alleges that the Complaint

23    and each cause of action alleged therein is barred as a result of Plaintiff's failure to properly and

24    timely exhaust his administrative remedies under the California Family Rights Act and/or the

25    California Fair Employment and Housing Act (California Government Code §§ 12945.2, 12960 and

26    12965).

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

Firmwide:102392958.1 068364.1002                              2.

DEFENDANT NEW ALBERTSON'S INC.'S ANSWER TO AMENDED COMPLAINT

## NINTH AFFIRMATIVE DEFENSE

### (Good Faith Action)

9.     As a separate and affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein cannot be maintained because Defendant acted reasonably and in good faith, at all times, based upon the relevant facts and circumstances known by Defendant at the time it acted.

## TENTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence Doctrine)

10.     As a separate and affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein are barred because, to the extent that during the course of this litigation it acquires evidence of wrongdoing by Plaintiff, which wrongdoing would have materially affected the terms and conditions of the employment of Plaintiff or would have resulted in Plaintiff either being demoted, disciplined, or terminated, such after-acquired evidence bars Plaintiff's claims on liability or damages, or shall reduce such claims as provided by law.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Managerial Privilege)

11.     As a separate and affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein cannot be maintained because the conduct towards Plaintiff by Defendant and/or its representatives is protected by the managerial privilege, and all actions taken with respect to the employment of Plaintiff were undertaken and exercised with proper managerial discretion and/or was privileged pursuant to California law including, but not limited to, California Civil Code sections 47(b)(2) and 47(c).

## TWELFTH AFFIRMATIVE DEFENSE

### (Privilege)

12.     As a separate and affirmative defense, Defendant alleges that the Complaint, and each purported cause of action therein, is barred because Defendant's conduct and comments were at all times protected by a statutory and/or common law privilege.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Firmwide:102392958.1 068364.1002

3.

DEFENDANT NEW ALBERTSON'S INC.'S ANSWER TO AMENDED COMPLAINT

### THIRTEENTH AFFIRMATIVE DEFENSE

#### (Failure to Engage in Interactive Process)

13.     As a separate and affirmative defense to the Complaint, Defendant alleges that Plaintiff's claims are barred, in whole or in part, because he failed to engage in the interactive process in good faith based upon the facts and circumstances known to the Plaintiff.

### FOURTEENTH AFFIRMATIVE DEFENSE

#### (Undue Hardship)

14.     As a separate and affirmative defense to the Complaint, Plaintiff's claims are barred because any alleged accommodations that he purportedly sought or now claims should have been offered above and beyond what Defendant was reasonably able to provide and/or would have caused Defendant an undue hardship.

### FIFTEENTH AFFIRMATIVE DEFENSE

#### (Unable To Perform Essential Duties)

15.     As a separate and distinct affirmative defense to the Complaint, Defendant is informed and believes that a reasonable opportunity for investigation and discovery may reveal, and on that basis alleges, that Plaintiff, even with reasonable accommodation, was unable/unwilling to perform the essential duties of his former position and/or to perform these duties in a manner that would not endanger his health or safety or the health or safety of others.

### SIXTEENTH AFFIRMATIVE DEFENSE

#### (Legitimate Business Decision)

16.     As a separate and affirmative defense, Defendant alleges that it cannot be liable for any alleged violation asserted in the Complaint because its actions, conduct and dealings with Plaintiff were lawful, as authorized by applicable state and federal statutes, rules and regulation, and such actions and conduct were justified and carried out in good faith and for legitimate, non-discriminatory business purposes.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310 553 0308

Firmwide:102392958.1 068364.1002

4.

DEFENDANT NEW ALBERTSON'S INC.'S ANSWER TO AMENDED COMPLAINT

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Apportionment)

17.    As a separate and affirmative defense, Defendant alleges provisionally and conditionally that if Plaintiff suffered any damages, such damages were proximately or legally caused by the breach of duties and/or misconduct of Plaintiff and/or parties other than Defendant and, accordingly, any award of damages is several and must be reduced in whole or in part, or apportioned in proportion to the percentage of comparative fault of Plaintiff, other parties and/or unauthorized individuals.  In the event of such apportionment, each Defendant is entitled to separate judgments for damages in direct proportion to the percentage of fault, if any is found, notwithstanding Defendant's continuing denial of any fault, with such percentage determined by the comparative fault of all parties, non-parties and/or unauthorized individuals to this action, known or unknown.  To assess any greater percentage of fault and damages than their own against Defendant, would constitute a denial of equal protection of the law and due process, which is guaranteed by the United States Constitution.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Ratification)

18.    As a separate and affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein cannot be maintained against it because, to the extent any employee engaged in any unlawful conduct, such conduct was committed outside the course and scope of such employee's employment, was not authorized, adopted or ratified by Defendant, and/or Defendant did not know nor should it have known of such conduct.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences Doctrine)

19.    As a separate and affirmative defense, Defendant alleges that the Complaint, and each cause of action set forth therein, cannot be maintained or any recovery must be reduced because: (a) Defendant exercised reasonable care to prevent and correct promptly any harassing or discriminatory or otherwise unlawful behavior, including, but not limited to, having an anti-harassment, anti-retaliation, anti-discrimination and/or open door policies with a complaint

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

Firmwide:102392958.1 068364.1002                5.

DEFENDANT NEW ALBERTSON'S INC.'S ANSWER TO AMENDED COMPLAINT

1   procedure; and (b) Plaintiff unreasonably failed to take advantage of any preventative or corrective

2   opportunities provided by Defendant or to otherwise avoid harm, and failed to provide Defendant

3   with notice of any allegations of harassment, retaliation, and/or discrimination, and failed to

4   participate in any such attempted investigation.

### TWENTIETH AFFIRMATIVE DEFENSE

#### (Failure to Mitigate)

20.     As a separate and affirmative defense, Defendant alleges that Plaintiff is barred from obtaining any recovery from Defendant by reason of his failure to mitigate his damages, if any, or, alternatively, any damages or other relief awarded to Plaintiff must be reduced or limited to the extent of such failure to mitigate.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

#### (Workers' Compensation Exclusivity)

21.     As a separate and affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein seeking damages for emotional and/or physical injury are preempted and barred by the exclusive remedy provisions of the California Workers' Compensation Act, California Labor Code section 3600, et seq., and Section 132a of the California Labor Code, in that: (1) the injuries complained of occurred when both Plaintiff and Defendant were subject to California Labor Code sections 3600-3601; (2) at the time of the alleged injuries, Plaintiff was performing services incidental to his employment and was acting within the course and scope of his employment; and (3) Plaintiff alleges that the injuries were caused by his employment, and accordingly, this Court lacks subject matter jurisdiction over said claims.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

#### (Mixed Motive)

22.     As a separate and affirmative defense, in the event that Plaintiff proves any wrongful acts by Defendant, the adverse actions about which Plaintiff complains would have been the same even if the alleged wrongful motive played no role.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310.553.0308

Firmwide:102392958.1 068364.1002                                    6.

DEFENDANT NEW ALBERTSON'S INC.'S ANSWER TO AMENDED COMPLAINT

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Pre-Existing Conditions)

23.   As a separate and affirmative defense, Defendant alleges that, to the extent Plaintiff suffered any symptoms of mental or emotional distress or injury, they were the result of pre-existing psychological disorders or alternative concurrent causes, and not the result of any act or omission of Defendant.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Actions Invited by Plaintiff)

24.   As a separate and affirmative defense, Defendant alleges that, if any allegedly offensive comments or actions were made by Defendant or its agents or employees, and Defendant in no way admits to this, they were invited, welcomed and/or instigated by Plaintiff.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Punitive Damages Unconstitutional)

25.   As a separate and affirmative defense, Plaintiff is not entitled to recover punitive damages because the imposition of such damages violates the United States and California Constitutions in that; 1) such damages are so punitive in purpose and effect as to constitute a criminal penalty, entitling Defendant to rights to be given to Defendant in criminal proceedings under the United States and California Constitutions; 2) such damages constitute an impermissible restriction on speech and a violation of the First Amendment of the United States Constitution; 3) the imposition of such damages would violate Defendant's rights to due process and/or equal protection under the law, under the United States and California Constitutions; and 4) the California punitive damages statute is unconstitutional in that it imposes an undue burden on interstate commerce.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Discharge of Duties)

26.   As a separate and affirmative defense, Defendant alleges, without admitting to the existence of any duties or obligations as alleged in the Complaint, that any duty or obligation, contractual or otherwise, which Plaintiff claims is owed by Defendant has been fully performed, satisfied, or discharged.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310 553 0308

DEFENDANT NEW ALBERTSON'S INC.'S ANSWER TO AMENDED COMPLAINT

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Prompt Corrective Action)

27.     As a separate and affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein cannot be maintained against Defendant because, at all relevant times, Defendant took prompt and appropriate corrective action in response to Plaintiff's concerns, if any, thereby satisfying all legal obligations Defendant had to Plaintiff.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Offset)

28.     As a separate and affirmative defense, Defendant alleges that any recovery to which Plaintiff might otherwise allegedly be entitled must be offset by any benefits and/or other monies that Plaintiff has received or will receive, whether through employment, disability insurance, unemployment insurance, workers' compensation or otherwise.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Free Speech)

29.     As a separate and affirmative defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that some or all of Plaintiff's claims are barred because, without admitting that it engaged in any of the acts alleged, to the extent any allegations or causes of action alleged in the Complaint rely upon any verbal or non-verbal speech or expression, such allegations or causes of action are barred by the protections of free speech and expression contained in Article I, Section 2 of the Constitution of the State of California and the First Amendment of the United States Constitution.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Preemption)

30.     As a separate and affirmative defense, Defendant alleges that the Complaint and each alleged cause of action therein are preempted and/or barred, in whole or in part by section 301 of the Labor Management Relations Act, 29 U.S. C. § 185.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310.553.0308

Firmwide:102392958.1 068364.1002                    8.

DEFENDANT NEW ALBERTSON'S INC.'S ANSWER TO AMENDED COMPLAINT

### THIRTY-FIRST AFFIRMATIVE DEFENSE

#### (Failure to Exhaust Grievance Procedures)

31.     As a separate and affirmative defense, Defendant alleges that Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to invoke or exhaust all applicable grievance procedures contained in the collective bargaining agreement between Defendant and Plaintiff's union.

### RESERVATION OF RIGHTS

Defendant reserves the right to amend its answer should it later discover facts demonstrating the existence of new and/or additional affirmative defenses, and/or should a change in the law support the inclusion of new and/or additional defenses.

WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

1.     That Plaintiff take nothing by his Complaint;

2.     That Plaintiff's Complaint herein be dismissed in its entirety with prejudice;

3.     That Defendant recover its costs of suit herein, including its reasonable attorneys' fees; and

4.     That the Court award such other and further relief as it deems just and proper.

Dated: July 5, 2011

BRANDIE N. CHARLES
MEGHANN BARLOEWEN
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
ALBERTSON'S DISTRIBUTION CENTER
(also erroneously sued as Albertson's
Distribution Center)

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310 553-0308

Firmwide:102392958.1 068364.1002

9.

DEFENDANT NEW ALBERTSON'S INC.'S ANSWER TO AMENDED COMPLAINT

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2049 Century Park East, 5th Floor, Los Angeles, California 90067.3107. On July 5, 2011, I served the within document(s):

**ANSWER OF DEFENDANT NEW ALBERTSON'S INC. (ALSO ERRONEOUSLY SUED AS ALBERTSON'S DISTRIBUTION CENTER) TO AMENDED COMPLAINT**

☐    by facsimile transmission at or about _____ on that date. This document was transmitted by using a facsimile machine that complies with California Rules of Court Rule 2003(3), telephone number 310.553.5583. The transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is attached. The names and facsimile numbers of the person(s) served are as set forth below.

☐    by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Los Angeles, California addressed as set forth below.

☐    by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

☐    by personally delivering a copy of the document(s) listed above to the person(s) at the address(es) set forth below.

☐    Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses on the attached service list on the dates and at the times stated thereon. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. The electronic notification address of the person making the service is _____@littler.com.

Michael A. Lotta, Esq.
LAW OFFICES OF MICHAEL A. LOTTA
4244 E. 4th Street
Long Beach, CA 90814

Telephone: 562.438.9137
Facsimile: 562.438.9138
*Attorney for Plaintiff*

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

Firmwide:102310062.1 068364.1002

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service.  Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on July 5, 2011, at Los Angeles, California.

_____
J. Monique McDonald

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

Firmwide:102310062.1 068364.1002

2.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge David O. Carter and the assigned discovery Magistrate Judge is Arthur Nakazato.

The case number on all documents filed with the Court should read as follows:

## SACV11- 994 DOC (ANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===============================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [X] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

COPY

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

Prince, Mohammad

**DEFENDANTS**

New Albertson's Inc. (also erroneously sued as "Albertson's Distribution Center")

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Michael A. Lotta
4244 E. 4th Street
Long Beach, CA 90814
T: 562.438.9137

Attorneys (If Known)

Brandie N. Charles
Meghann Barloewen
Littler Mendelson
2049 Century Park East, 5th Floor
Los Angeles, CA 90067-3107
T: 310.553.0308

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No    ☒ MONEY DEMANDED IN COMPLAINT: $ 1,470,000.00

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. §§ 1332, 1441, 1446 (Diversity of Citizenship)

**VII. NATURE OF SUIT** (Place an X in one box only.)

**OTHER STATUTES**

☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

**CONTRACT**

☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**

☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS
PERSONAL INJURY**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury- Med Malpractice
☐ 365 Personal Injury- Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**

☐ 462 Naturalization Application
☐ 463 Habeas Corpus- Alien Detainee
☐ 465 Other Immigration Actions

**TORTS
PERSONAL PROPERTY**

☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**BANKRUPTCY**

☐ 22 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**

☐ 441 Voting
☒ 442 Employment
☐ 443 Housing/Acco- mmodations
☐ 444 Welfare
☐ 445 American with Disabilities – Employment
☐ 446 American with Disabilities – Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**

☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/ Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE / PENALTY**

☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety /Health
☐ 690 Other

**LABOR**

☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**

☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**

☐ 61 HIA(1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW 405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**

☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

**FOR OFFICE USE ONLY:** Case Number:

**SACV 11-00994 DOC (ANx)**

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

American LegalNet, Inc.
www.FormsWorkflow.com

CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange - Mohammad Prince | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Ohio and Minnesota - New Albertson's Inc. (also erroneously sued as "Albertson's Distribution Center") |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____     Date   7/6/11

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

CV-71 (05/08)                      CIVIL COVER SHEET                      Page 2 of 2

American LegalNet, Inc.
www.FormsWorkflow.com